# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLYDE R. JOSEPH (#445068)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**　　　　　　　　　　　　　　　**NO. 07-0658-JVP-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 21, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CLYDE R. JOSEPH (#445068)**                                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**                                             **NO. 07-0658-JVP-DLD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Clyde R. Joseph, challenges his 2001 conviction and life sentence, entered in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana, on one count of second degree murder, a violation of La. R.S. 14:30.1. The petitioner claims that his confession was not freely and voluntarily made, that his trial was constitutionally defective because he was not indicted by a grand jury on the charge of second degree murder, and that his trial counsel provided ineffective assistance by not objecting to the absence of a grand jury indictment.

After a trial by jury conducted in September, 2001, the petitioner was found guilty of having committed the offense of second degree murder of Laura Henson on the evening of November 11, 1996. The petitioner was sentenced to life imprisonment, without the benefit of probation, parole or suspension of sentence. Through his attorney, the petitioner appealed the conviction, asserting that his confession was involuntary because obtained in the absence of his parents and without proper Miranda warnings. On December 20, 2002, the conviction was affirmed by the Louisiana Court of Appeal for the First Circuit, State v. Joseph, 837 So.2d 761 (La. App. 1st Cir. 2002), and on October 10, 2003, the petitioner's application for supervisory review in the Louisiana Supreme Court was denied. State v. Joseph, 855 So.2d 327 (La. 2003). Allowing for a 90-day period to file a writ of certiorari to the United States Supreme Court, which the petitioner apparently did not do, his conviction became final on or about January 8, 2004.

Nine months after the finality of his conviction, on or about October 8, 2004,[1] the petitioner filed an application for post-conviction relief in the state district court, asserting that (1) his right to constitutional due process was denied because the trial court was without jurisdiction to try him for second degree murder predicated upon a bill of information instead of a grand jury indictment and (2) his trial and appellate counsel were ineffective for failing to challenge the jurisdiction of the trial court. This application was denied in the district court on March 31, 2006, and subsequent applications for supervisory review before the Louisiana Court of Appeal for the First Circuit and the Louisiana Supreme Court were also denied, with the Louisiana Supreme Court denying review on April 20, 2007. See State ex rel Joseph v. State, 954 So.2d 153 (La. 2007).

Approximately 4½ months later, on September 10, 2007, the petitioner filed the instant habeas corpus application in this Court. Based upon the foregoing, the Court concludes that the application is untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

---

[1] Based upon the rule stated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the applicable date of filing is treated as the date a confined petitioner places his pleading into the prison mail system and not when the pleading is ultimately received by the clerk of the applicable court. Accordingly, although the petitioner's application for post-conviction relief was filed on October 14, 2004, this Court has utilized the date that the petitioner signed an affidavit attached to his application, i.e., October 8, 2004, as the pertinent filing date.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, the petitioner's conviction became final on or about January 8, 2004. Thereafter, 9 months elapsed of the above-referenced one-year limitations period before the petitioner commenced an application for post-conviction relief in the state district court on or about October 8, 2004. Upon resolution of the petitioner's post-conviction relief application on April 20, 2007, an additional 4½ months were allowed to elapse prior to the petitioner's filing of the instant habeas corpus proceeding in this Court on September 10, 2007. Accordingly, it is clear that more than one year elapsed during which the petitioner did not have pending any post-conviction claims. Accordingly, his habeas corpus application in this Court is time-barred pursuant to § 2244(d) and must be dismissed.

Moreover, although this Court also has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed as untimely.

Signed in Baton Rouge, Louisiana, on April 21, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**